STATE of Missouri,
Plaintiff-Respondent,

v.

Leroy J. WATKINS,
Defendant-Appellant.

No. 14801.

Missouri Court of Appeals,
Southern District,
Division One.

Jan. 7, 1987.

Motion for Rehearing or Transfer
to Supreme Court Denied
Jan. 28, 1987.

Application to Transfer Denied
March 17, 1987.

William L. Webster, Atty. Gen., Carrie Francke, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Nancy A. McKerrow, Columbia, for defendant-appellant.

GREENE, Presiding Judge.

Defendant, Leroy J. Watkins, was charged with, and jury-convicted of, assault in the first degree. § 565.050, RSMo Cum. Supp. 1984. The trial court, after finding Watkins to be a prior and persistent offender, due to two prior felony convictions, affirmed the jury verdict of guilty, and sentenced him to 20 years' imprisonment.

The sufficiency of the evidence to sustain the conviction is not questioned on appeal. It suffices to say that evidence was introduced from which the jury could have found, beyond a reasonable doubt, that on the evening of January 13, 1986, Watkins

assaulted William Curtis Meyers by repeatedly striking him in the face with his fist, and beating his head against a urinal located in the men's rest room of the Pub Bar in Joplin, Missouri. As a result of the beating, which caused serious head injuries, Meyers suffered an intraventricular hemorrhage, and episodes of respiratory failure.

■ On appeal, Watkins first contends:

The trial court erred in overruling appellant's motion for a new trial on the grounds that there was an error in the transcript of the preliminary hearing which was unknown to appellant until after the trial because such ruling deprived appellant of his due process right to a fair trial in that the erroneous transcription deprived appellant of his only opportunity to impeach the testimony of Jack D. French, the state's principal witness concerning the time he arrived at the Pub Bar on January 13, 1986.

The point relied on does not state what the alleged error in the transcript was, or how it could have prejudiced Watkins. The point, as written, is in violation of Rule 30.06(d),[1] as it does not explain why the trial court erred, and preserves nothing on appeal. Plain error review of the issue under Rule 30.20 is granted, ex gratia, due to the relative severity of the sentence imposed.

■ Jack D. French witnessed the assault, and was a witness for the state. At the preliminary hearing, he testified that he had entered the bar at 3 p.m., and had spent most of the afternoon and evening, prior to the assault, talking and drinking with friends. When his testimony was transcribed, for some reason unknown to us, the transcript read that French had arrived at the bar *late* in the afternoon, rather than 3 p.m. At trial, French testified he arrived at the bar about noon. Watkins' attorney contends that he did not know of the misstatement in the transcript until after the trial, and that, had he known, he could have more effectively cross-examined French for the purpose of affecting his credibility, as to when he arrived at the bar.

The logic of this argument escapes us. In the first place, it seems to us that "3 p.m." and "late in the afternoon" denote approximately the same time of day. Also, assuming that Watkins' attorney had known, at time of trial, that French had testified at the preliminary hearing that he had arrived at the bar at 3 p.m., rather than late in the afternoon, it is inconceivable how that fact could have changed the scope of the cross-examination.

■ Finally, Watkins terms the tardy knowledge in question as "newly discovered evidence." In order to obtain a new trial on that basis, it must be conclusively shown that (1) the evidence came to the knowledge of the defendant after trial, and (2) due diligence would not have helped him to discover the evidence sooner, and (3) the evidence is so material that it would probably change the result if the case were tried again, and (4) the evidence is not cumulative or used merely to impeach the credibility of a witness. *State v. Coleman,* 660 S.W.2d 201, 221 (Mo.App.1983).

We doubt if the "newly discovered evidence" here is material, but even if it was, it could only have been used to impeach the trial testimony of French. In such cases, a new trial is not justified. *State v. Ellis,* 710 S.W.2d 378, 388 (Mo.App.1986).

■ In his remaining point relied on, Watkins asserts the trial court erred in failing to sua sponte declare a mistrial when state's witness Mark Richardson, who is a Joplin police officer, testified as follows:

Q. And you patrol in a car, is that right?

A. Yes, sir. I patrol in a unit, I can make traffic stops as a detective can, but it's more my job. I patrol in a unit to take care of my beat disturbances.

Q. And in that regard, can you explain what you were called to the Pub Bar for?

A. In reference to a disturbance.

1. All references to rules are to Missouri Rules of Court, V.A.M.R.

Q. And can you tell me what you saw when you first got there.

A. When I first arrived, there didn't appear to be a disturbance. Faye, the owner of the Pub Bar came to me and said that [sic] was a man injured in the back. When I went to the back there was a man lying in the doorway of the bathroom at the rear of the Pub Bar.

Q. And do you know what his name is?

A. Curtis Meyers. I believe Curtis is his middle name.

Q. Did you ... what did you do next? Did you attempt to find out what had happened to Curtis?

A. I didn't really have to ask, I had about eight different people telling me what was going on. They stated that there had been an assault. Curtis was the victim, he had gone to the bathroom. There had been an assault and the person assaulting the victim had taken his seat back in the bar.

Q. And did you then go ... based on that information did you then approach the person who had been singled out to you?

A. Yes, sir, I did.

Q. And who was that person?

A. Tiger Watkins.

Watkins claims that the statements, "I had about eight different people telling me what was going on," and "[t]here had been an assault and the person assaulting the victim had taken his seat back in the bar," was prejudicial hearsay, as such statements were used as evidence of guilt without giving Watkins the opportunity to cross-examine the eight different people as to their version of the assault.

No objection was raised as to the testimony of Officer Richardson at time of trial, or in the motion for new trial. The issue was not preserved for appellate review. Rule 29.11(b). Plain error review is not justified, as Watkins has not made a strong, clear showing that the alleged error affected his rights to such an extent that manifest injustice or a miscarriage of justice occurred. *State v. Arnold,* 676 S.W.2d 61, 63 (Mo.App.1984).

It is well established law that statements which lead to action by the police are admissible to supply relevant background and to explain the reason for subsequent police conduct. *State v. Jordan,* 664 S.W.2d 668, 670 (Mo.App.1984).

In addition, evidence concerning the fact that Watkins was involved in the assault came not only from several witnesses besides Richardson, but also from Watkins, himself. Since such evidence identified Watkins as a participant, we fail to see how Richardson's statement added any fuel to the fire. From the first, Watkins admitted that he had assaulted Meyers, but said he did so in self-defense, which was the position taken by him and his witnesses at trial. The jury chose to disbelieve such defense, which they had a right to do.

Judgment affirmed.

CROW, C.J., and MAUS, J., concur.