**Leroy WATKINS, Appellant,**

*v.*

**STATE of Missouri, Respondent.**

**No. 16369.**

Missouri Court of Appeals,
Southern District,
Division One.

Feb. 16, 1990.

Leroy Watkins, Cameron, pro se.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

Appellant, Leroy Watkins, was convicted of the criminal offense of assault in the first degree. § 565.050, RSMo Cum.Supp. 1984. That conviction was affirmed on appeal. *State v. Watkins*, 724 S.W.2d 674 (Mo.App.1987). Appellant is presently incarcerated serving the sentence imposed in that case.

In 1987 appellant filed a post-conviction motion pursuant to Rule 27.26 [1] seeking to vacate, set aside or correct his sentence. The court in which it was filed denied that motion March 3, 1989, after an evidentiary hearing.[2] Appellant then, on March 23, 1989, filed a pleading denominated "Petition for Writ of Error Coram Nobis."

The coram nobis petition asserts that appellant's trial counsel was ineffective and that appellant's post-conviction counsel was ineffective. It also recites various alleged errors by the trial judge who ruled upon appellant's Rule 27.26 motion.

The coram nobis petition was dismissed by the trial court without a hearing. The order of dismissal stated, "Rule 29.15 being the exclusive procedure for the requested relief and [appellant] having already had a 27.26 motion, this action is dismissed."

---

1. That rule was repealed effective January 1, 1988; however, because this motion was pending prior to that date, Rule 27.26 continues to govern its disposition. Rule 29.15(m).

2. The judgment denying appellant's post-conviction motion was appealed to this court as case No. 16307. That appeal is separate and apart from this case.

Appellant now appeals the dismissal of his "Petition for Writ of Error Coram Nobis." Appellant is proceeding pro se. Appellant's brief states one point upon which he relies. The point is not stated concisely; however, it appears to assert, as alleged error, the dismissal of the petition without first having appointed counsel and without having entered findings of fact and conclusions of law.

Also pending is respondent's "Motion for Court of Appeals to Take Judicial Notice of Its Own Files." That motion requests this court to judicially notice its files in appellant's pending appeal from the judgment dismissing his Rule 27.26 motion, our case No. 16307. The motion was taken with the case and it is herewith considered and granted.

Appellant's complaint on appeal is without merit.

Respondent calls our attention to the fact that Rule 74.06(d) abolished writs of coram nobis.[3] Thus, unless appellant's petition may be deemed as a motion for relief under some other procedure permitted by present rules, the prior elimination of writs of coram nobis is determinative. Appellant's coram nobis petition attempts to assert grounds for setting aside or vacating the prison sentence which he is presently serving. Thus, as noted by the trial court's order dismissing the coram nobis petition, Rule 29.15 is the exclusive remedy for the relief sought. Appellant had a prior Rule 27.26 motion pending on the effective date of Rule 29.15. He is not now entitled to a successive post-conviction motion. Rule 29.15(k). The judgment dismissing appellant's "Petition for Writ of Error Coram Nobis" is affirmed.

MAUS and PREWITT, JJ., concur.

---

3. Even if writs of coram nobis remained available, since appellant has not completed serving the sentence about which he has complained, coram nobis relief would not be available. *Johnson v. State*, 614 S.W.2d 781, 782 (Mo.App. 1981).