Leroy **WATKINS**, Movant–Appellant,

v.

**STATE of Missouri, Respondent.**

No. 17116.

Missouri Court of Appeals, Southern District, Division 2.

July 25, 1991.

**356**

Mary K. Anderson, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., Andrea Spillars, Asst. Atty. Gen., Jefferson City, for respondent.

FLANIGAN, Chief Judge.

This is a second appeal by movant from the trial court's denial of his Rule 27.26[1] motion to set aside a judgment and 20–year sentence for assault in the first degree, § 565.050, RSMo Cum.Supp.1984. The conviction, a result of trial by jury, was affirmed on direct appeal. *State v. Watkins,* 724 S.W.2d 674 (Mo.App:1987). The instant motion, actually a second amended motion, was later filed and denied after evidentiary hearing. Movant appealed from that ruling, and this court affirmed the trial court's denial except with respect to two issues. On those issues the cause was remanded for additional findings. *Watkins v. State,* 785 S.W.2d 767 (Mo.App. 1990). Upon remand, the trial court entered additional findings with respect to the two issues and denied the motion. Movant appeals.

The issues which were the subject of the remand involved claims of ineffective assistance of defense counsel, Charles Lonardo, at the jury trial, in the following respects: (1) failing to call Dr. Hickey as a defense witness; (2) entering into a stipula-

tion with the prosecutor that "if William C. Meyers [the victim of the assault] was called to testify, he would testify that he has no memory of the events of January 13, 1986 [the date of the offense]."

On this appeal, movant contends that he was entitled to relief on his motion because defense counsel was ineffective in each of the foregoing respects and that the trial court erred in ruling otherwise.

Appellate review of the trial court's ruling on movant's motion is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). *Brayfield v. State,* 738 S.W.2d 579 (Mo. App.1987). The trial court was not bound to accept movant's evidence at the motion hearing as true, even if it was uncontradicted. *Id.* The trial court's findings with respect to the credibility of movant's witnesses at the motion hearing is entitled to deference. *Id.*

Movant contends that attorney Lonardo was ineffective in failing to call Dr. George Hickey as a witness at the jury trial because Lonardo "was aware that Dr. Hickey had knowledge which would have proven that movant was incapable, due to back injuries, of committing the crimes (sic) with which he was charged. Hickey was willing and available to testify, and Hickey would have testified that movant was incapable of committing the crime for which he was convicted."

In *Watkins v. State,* supra, 785 S.W.2d at 773, this court said:

"A prisoner who claims his lawyer was ineffective in not calling a particular witness at trial must allege and prove that the omission materially affected the outcome of the trial ... The prisoner must show what the witness' testimony would have been and how it would have helped him." (Citing authorities.)

At the motion hearing, movant testified: "I told Lonardo about Dr. Hickey. Dr.

**1.** Rule 27.26 was repealed effective January 1, 1988. Missouri Rules of Court (19th ed. 1988), p. 142. Movant's action continues to be governed by former Rule 27.26, as movant's sentence was pronounced prior to January 1, 1988, and his motion to vacate such sentence was pending prior to January 1, 1988, Rule 29.-15(m), Missouri Rules of Criminal Procedure (20th ed. 1989).

Hickey is my doctor. He took care of me for several years. I had epileptic seizures and he treated me for that. I got my back injured and I was laid up for about a year and a half. I couldn't hardly walk and I was in and out of bed and he would treat me for that. He has been my family doctor for several years. I told Lonardo about my back injuries."

Movant also testified that he had several doctors who treated him for his back problems, that he went to a specialist in Springfield, and that "Dr. Hickey followed up."

At the motion hearing attorney Lonardo testified on behalf of movant, but he was asked no questions about Dr. Hickey.

Movant did not call Dr. Hickey as a witness at the motion hearing. There is no evidence of what Hickey's testimony would have been if he had testified at the jury trial. "Mere speculation as to what the witness would have testified to is insufficient. [The witness] did not appear at the Rule 27.26 hearing and thus there is no way to ascertain what her testimony may or may not have been." *Canterbury v. State*, 781 S.W.2d 107, 110[6] (Mo.App. 1989).

The trial court, after remand, found that movant made attorney Lonardo "generally" aware of an alleged back injury. The court also found: "However, there is no evidence to support a finding that it was a disabling injury that would render movant physically incapable of committing the offense of which he was found guilty or that movant asked attorney Lonardo to subpoena Dr. Hickey and that Dr. Hickey would have so testified if he had been called as a witness."

The foregoing findings are not clearly erroneous and, indeed, are fully supported by the record.

■ At the jury trial attorney Lonardo and the prosecutor entered into the stipulation, set forth in the second paragraph of this opinion, concerning victim Meyers, and the prosecutor read it to the jury. At the motion hearing movant testified that he knew that the prosecutor and Lonardo had made an agreement to so stipulate. The transcript of the jury trial shows that the stipulation was entered into "in accordance with a letter of April 23, 1986," between the prosecutor and defense counsel. The jury trial began on May 1.

At the motion hearing Lonardo testified that he had entered into that stipulation with the prosecutor. Movant offered no evidence that the contents of the stipulation were inaccurate in any respect.

After remand, the trial court found that movant was aware that defense counsel, in open court and in the presence of movant, had entered into the stipulation and that movant made no objection, either to counsel or to the court, with respect to the stipulation.

"[W]here a claim of ineffective counsel is raised in a post-conviction proceeding and the attorney conduct involves the exercise of a choice in the presentation of the defense or the procedures selected in trial, the claim must fail if, within a wide range of reasonable professional assistance, the choice may be considered sound trial strategy. Of necessity, each case must be evaluated on its facts. A strong presumption of right action, however, severely limits such ineffective assistance claims to the end that it will be the rare exception where a strategic choice is declared to have been unsound."

*Porter v. State*, 682 S.W.2d 16, 19[3] (Mo. App.1984). To similar effect see *Thomas v. State*, 761 S.W.2d 246, 251 (Mo.App. 1988).

The decision to enter into the stipulation, made with movant's knowledge and at least tacit consent, was a matter of trial strategy. The findings of the trial court with respect to the stipulation are not clearly erroneous and are fully supported by the record. Movant was not entitled to relief on the ground that Mr. Lonardo was ineffective in entering into the stipulation. The trial court did not err in ruling otherwise.

The judgment is affirmed.

PARRISH, P.J., and SHRUM, J., concur.