**Charles SMEETON, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 17293.**

Missouri Court of Appeals, Southern District, Division One.

Sept. 17, 1991.

Rosalynn Koch, Columbia, for appellant.

William L. Webster, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

PARRISH, Judge.

Charles Smeeton appeals from an order of the trial court that granted a motion to dismiss filed by the state. The motion to dismiss was directed to a pleading denominated "Petition for Writ of Error Coram Nobis." This court affirms.

Following the filing of appellant's petition, the trial court appointed counsel to represent appellant. The appointment of counsel was on the premise that the petition was in the nature of "an application for post conviction relief under Rule 24.-035," and that appellant was indigent. A docket entry was made to that effect. After appointing the public defender to represent appellant, the state filed its motion to dismiss. The motion to dismiss was granted and written findings of fact and conclusions of law were filed by the trial court.

Appellant presents one point on appeal. He contends that the trial court erred in dismissing his "motion" without a hearing "because the court should have treated the petition as requesting habeas corpus relief." He argues "that appellant made factual claims which demonstrated that his conviction was unconstitutional and relief in habeas corpus was warranted since Rule 24.035 was unavailable to him through no fault of his."

Appellant's brief acknowledges that Rule 24.035 relief was not available because appellant's "motion" was not filed within the time required by Rule 24.035(b). Appellant cites *Kilgore v. State*, 791 S.W.2d 393, 396 (Mo. banc 1990), and *Sawyer v. Butler*, 881 F.2d 1273 (5th Cir.1989), *cert. granted* 493 U.S. 1042, 110 S.Ct. 835, 107 L.Ed.2d 830 *aff'd* — U.S. ——, 110 S.Ct. 2822, 111 L.Ed.2d 193 (1990), as authority for the proposition that the trial court should have considered his petition as one seeking habeas corpus relief.

Neither of the cases appellant has cited are applicable to the facts in this case. The only statement in *Kilgore* that is remotely relevant to appellant's claim is found in

dictum at page 396. There, the suggestion is made that an appropriate case for a state habeas corpus proceeding might exist if a movant showed he was entitled to post-conviction relief but that he failed to timely file a motion because of abandonment of counsel and because of confusion produced by an ambiguity in the applicable rule for post-conviction relief. That is not the situation in this case. The pleading that was filed does not include such allegations.

*Sawyer* is a case in which an inmate in a state penal facility sought federal habeas corpus relief. Appellant does not contend that the facts in *Sawyer* are similar to the facts in this case. Appellant points only to the platitudinous words that appear at page 1288 of the *Sawyer* opinion which state, "[N]either finality nor federalism will condone constitutional acquiescence in the conviction of persons factually innocent of the crime charged." That statement is directed to a discussion concerning the availability of federal relief in circumstances not here applicable.

Appellant reads too much into the fact that the trial court treated his petition, upon its initial review, as "an application for post conviction relief under Rule 24.035." It is evident, from a review of the record on appeal, that the trial court undertook that characterization of the petition in order to appoint counsel to represent appellant. The trial court did not continue to treat appellant's petition as a Rule 24.035 motion. The trial court found that appellant had not attacked his plea and sentence through post-conviction relief as permitted by Rule 24.035. The trial court then based its dismissal of appellant's petition upon the fact that appellant was not entitled to the remedy of a writ of error coram nobis. That determination was correct. Writs of coram nobis were abolished by Rule 74.06(d). *See Watkins v. State*, 784 S.W.2d 347, 348 (Mo.App.1990).

Appellant's petition did not seek habeas corpus relief. It did not plead sufficient facts to satisfy the requirements of Rule 91.04 for a petition for habeas corpus.

Appellant attempted to seek a legal remedy that was not available to him. The trial court had no duty to take any actions other than those taken. The order granting the state's motion to dismiss is affirmed.

PREWITT, P.J., and CROW, J., concur.