STATE of Missouri, Plaintiff–Respondent,

v.

Francis Frank FORD, Defendant–Appellant.

No. 18174.

Missouri Court of Appeals, Southern District, Division One.

Jan. 6, 1993.

W. Swain Perkins, Thayer, for defendant-appellant.

Ray Lee Caskey, Pros. Atty., Alton, for plaintiff-respondent.

PARRISH, Chief Judge.

Francis Frank Ford (defendant) pleaded guilty to driving while intoxicated, second offense. §§ 577.010.1, 577.023.1(3) and .2.[1] He was sentenced to pay a fine in the amount of $500 and confinement for a term of six months in the Oregon County jail. Execution of the jail sentence was suspended. Defendant was granted probation for a period of two years. Subsequently, defendant filed a motion entitled "Motion to Set Aside Judgment" by which he requested the trial court to set aside "the judgment, conviction and sentence" and to dismiss the criminal case. The trial court denied the motion. This court affirms.

Defendant entered his plea of guilty on July 9, 1991. He was sentenced on that date. On April 1, 1992, defendant filed the motion that is the subject of this appeal. The motion was heard on April 14, 1992. It was taken under advisement. On April 29, 1992, the trial court denied the motion.

The motion was directed to the fact that defendant pleaded guilty without representation by counsel. It alleged that "the judgment and conviction ... violated the defendant's right to counsel guaranteed by the [S]ixth and [F]ourteenth Amendment of the United States Constitution." It asserted that the trial court made no finding "that the defendant made a knowing and voluntary waiver on the record of his right to counsel;" that the record did not disclose that the trial court made a penetrating and comprehensive examination of the defendant in order to determine if defendant made a knowing, voluntary and intelligent waiver of counsel. It further asserted that the record did not reveal that "defendant was made aware of the dangers and disadvantages of self-representation" so as to demonstrate the choice to waive counsel "was made knowingly, voluntarily and intelligently." On appeal defendant contends that the trial court's failure to make those determinations was error.

The transcript of the guilty plea proceeding reveals that the trial judge told defendant that he had "an absolute right to converse with an attorney and any attorney of [his] choosing if [he] so desire[d]"; that the court would give him time and opportunity to do so if the defendant wished. Defendant was asked if he understood that. He answered, "Yes." The trial judge, after further inquiry of defendant, told the defendant that the court would accept the recommendation that the prosecuting attorney was making regarding punishment. The clerk then told the defendant that she had "a waiver of counsel form." She told him, in open court, "If you want to read these over, and then sign for me there and there. Okay. Thank you." The trial judge then pronounced sentence.

The legal file contains a document entitled "Waiver of Counsel." It includes the statements:

I realize that if I plead guilty or am found guilty of the charge, the judge is most likely to impose a sentence of confinement;

That, if indigent, and unable to employ an attorney, I have a right to request the judge to appoint counsel to assist me in my defense against the charge.

It is signed "/s/ Francis F. Ford."

The state contends that defendant's motion was not cognizable before the trial court and, accordingly, that defendant's appeal of its denial must fail. The state points to defendant's jurisdictional statement in his brief in which he characterized his motion as a motion "in the nature of a [sic] error corbam [sic] nobis."

"Writs of coram nobis were abolished by Rule 74.06(d)." *Smeeton v. State*, 815 S.W.2d 147, 148 (Mo.App.1991). Unless the motion may be deemed a motion for relief under some other procedure permitted by present rules, prior elimination of writs of coram nobis is determinative. *Watkins v. State*, 784 S.W.2d 347, 348 (Mo.App.1990).

---

**1.** References to statutes are to RSMo 1986 unless otherwise stated.

A review of other available procedures does not reveal that defendant's motion constitutes a request for relief permitted by present rules. Rule 24.035 does not provide an applicable procedure in that it affords remedy to "[a] person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections." Rule 24.035(a). Defendant's plea of guilty was to a misdemeanor, not a felony. He could not have been committed to the custody of the department of corrections in that such incarceration was not within the applicable range of punishment. *See* §§ 558.011.1(5), RSMo Supp.1990, 560.-016.1(1) and 577.023.2.

Defendant did not seek to withdraw his plea of guilty. He did not seek a new trial. What defendant sought was the setting aside of the judgment and sentence and dismissal of the criminal charge. Rule 29.-07(d) is not applicable.[2]

Defendant did not appeal the judgment of conviction. No notice of appeal from the judgment was filed. *See* Rule 30.01.

The state's contention that the trial court did not commit error in denying defendant's motion is well taken. The order denying the motion is affirmed.

CROW, P.J., and SHRUM, J., concur.

---

**2.** Rule 29.07(d) applies to motions to withdraw pleas of guilty in misdemeanors or felonies. It provides:

A motion to withdraw a plea of guilty may be made only before sentence is imposed or when imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.