**Marion BUCK, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. 24314.

Missouri Court of Appeals, Southern District, Division One.

March 25, 2002.

Marion Buck, pro se.

No appearance for respondent.

KENNETH W. SHRUM, Presiding Judge.

Marion Buck ("Appellant") appeals the denial of his writ of "error coram nobis" in which he sought to set aside his conviction of distributing a controlled substance. In his writ application, Appellant alleges that the court which accepted his guilty plea had no factual basis to do so. However, the writ of "error coram nobis" has been abolished in Missouri; consequently, the trial court had no authority to grant Appellant any relief based on that theory. It follows, therefore, that this court has no jurisdiction over this appeal. The appeal is dismissed.

A brief recitation of underlying facts follows. In May of 1993, Appellant delivered certain personal items to a friend incarcerated in the New Madrid County jail. Officers on duty checked the items and found a balloon containing nineteen capsules of Diazepam, a Schedule IV controlled substance, located in a bottle of hair conditioner. As a consequence, Appellant was charged with the Class C felony of distributing a controlled substance under § 221.111.1(1) (RSMo 1986). On December 1, 1993, Appellant pleaded guilty to the charged offense, and he was sentenced to three years' imprisonment on January 19, 1994.

■ On April 26, 2001, Appellant filed his "Petition for Writ of Error Coram Nobis" wherein he alleged he was innocent of the offense to which he pleaded guilty because "he did not know the bottle of hair conditioner ... contained any contraband." As best this court can discern, Appellant claims the plea court should have inquired further as to his understanding of the charged offense, and the court's failure to do so deprived it of jurisdiction because no factual basis for the crime was established on the record. Whatever Appellant's allegations might be, we need not determine the substance of such as we have no jurisdiction.

■ The petition for a writ of error coram nobis was a remedy of common law addressed to the trial court to correct errors of fact affecting the validity of the proceedings, which at the time of trial were unknown to the party seeking relief, and to the court. *Howard v. State*, 493 S.W.2d 14, 19 (Mo.App.1973). The writ constituted a new action that was civil in nature and not criminal with the purpose of revoking the former judgment. *Id.* Writs of coram nobis were abolished by Rule 74.06(d). *State v. Ford*, 844 S.W.2d 130, 131 (Mo.App.1993); *Smeeton v. State*, 815 S.W.2d 147, 148 (Mo.App.1991).

Here, Appellant attempts to obtain relief from his conviction and sentence via a remedy that no longer exists. Because the remedy is unavailable, the trial court had no authority to entertain or consider Appellant's petition. Our jurisdiction derives from that of the trial court. *In re Marriage of Jeffrey*, 53 S.W.3d 173, 175 (Mo.App.2001). In this instance, the trial court had no duty to take action other than to dismiss the petition. *Smeeton*, 815 S.W.2d at 148. This court lacks any jurisdiction to review the case on its merits; accordingly, we dismiss the appeal. *Two Pershing Square, L.P. v. Boley*, 981 S.W.2d 635, 639 (Mo.App.1998).

MONTGOMERY and GARRISON, JJ. concurs.

BARNEY, C.J., recuses.