Danny HUSTON, Petitioner/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

No. ED 88069.

Missouri Court of Appeals,
Eastern District,
Division Three.

Nov. 18, 2008.

Danny B. Huston, Gladstone, for Petitioner/Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jamie Pamela Rasmussen, Jefferson City, for Respondent/Respondent.

SHERRI B. SULLIVAN, J.

*Introduction*

Danny Huston (Appellant) appeals from the trial court's judgment and order denying his Petition for Writ of Error for lack of jurisdiction. We dismiss for lack of jurisdiction.

*Point Relied On*

In his point relied on, Appellant maintains that the trial court erred in denying his petition for writ of error for lack of jurisdiction.

*Preservation and Jurisdiction*

Appellant's point relied on fails to comport with Missouri Rule of Civil Procedure 84.04(d),[1] in that it does not give any legal grounds whatsoever for the asserted error, and does not explain why, in summary fashion, in the context of the case, those legal grounds support the claim of reversible error. Failure to comply with Rule 84.04 leaves nothing for appellate review. *State v. Franke*, 234 S.W.3d 484, 486 (Mo. App. E.D.2007). For this reason alone Appellant's appeal should be dismissed for lack of jurisdiction. *Id.* citing *Houston v. Weisman*, 197 S.W.3d 204, 206 (Mo.App. E.D.2006). However, we will review Appellant's point for plain error. *State v. Gray*, 230 S.W.3d 613, 620 (Mo.App. S.D. 2007) (an appellate court may, nevertheless, review an issue, as it perceives it from a faulty point, for plain error).

■ The trial court dismissed Appellant's petition for writ of error because

1. All rule references are to Mo. R. Civ. P.2008, unless otherwise indicated.

said writ has been abolished. Writs of *coram nobis* were abolished by Rule 74.06(d). *Granberry v. State*, 259 S.W.3d 552, 552 n. 1 (Mo.App. E.D.2008). Unless the petition may be deemed a petition for relief under some other procedure permitted by present rules, prior elimination of writs of *coram nobis* is determinative. *Watkins v. State*, 784 S.W.2d 347, 348 (Mo. App. S.D.1990). Appellant maintains that Section 547.080 [2] provides for an independent action in equity that survives the abolishment of the writ of error *coram nobis*, because Section 547.080 has not been repealed.

 "Supreme Court rules govern over contradictory statutes in procedural matters unless the General Assembly specifically annuls or amends the rules in a bill limited to that purpose." *Ostermueller v. Potter*, 868 S.W.2d 110, 111 (Mo.banc 1993). Rule 74.06(d) provides:

**(d) Power of Court to Entertain Independent Action—Certain Writs Abolished.** This Rule 74.06 does not limit the power of the court to entertain an independent action to relieve a party from a judgment or order or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these Rules or by an independent action.

 Therefore, the fact that Section 547.080 has not been repealed by the General Assembly, does not provide Appellant the remedy which he asserts. A writ of error is not available to Appellant because Rule 29.15 provides the exclusive remedy for postconviction relief. *Watkins*, 784 S.W.2d at 348. Because Appellant has

already served his sentence, a writ of error *coram nobis* ostensibly would be the only vehicle to vacate his conviction and sentence. However, since this writ has been abolished, the trial court was without jurisdiction to hear Appellant's petition and properly denied it for lack of jurisdiction. Our jurisdiction is contingent upon the trial court's having jurisdiction in the first instance. *Williams v. State*, 171 S.W.3d 158, 161 (Mo.App. E.D.2005); *In re Moore's Estate*, 354 Mo. 240, 189 S.W.2d 229, 235 (1954); *State ex rel. Aquamsi Land Co. v. Hostetter*, 336 Mo. 391, 79 S.W.2d 463, 465 (1934). Consequently, we do not have jurisdiction to hear Appellant's appeal.

*Conclusion*

The appeal is dismissed for lack of jurisdiction.

ROBERT G. DOWD, JR., P.J., and CLIFFORD H. AHRENS, J., concur.

**2.** All statutory references are to RSMo 2000, unless otherwise indicated.