Philip M. Hess, Judge
Introduction
Leon Moss ("Appellant") appeals the judgment of the Circuit Court of St. Louis City denying his Rule 29.15[1] motion for *430 post-conviction relief without an evidentiary hearing. He argues the motion court clearly erred in denying his post-conviction motion because: 1) trial counsel was ineffective for failing to preserve, in a motion for new trial, the trial court's denial of his motion to compel discovery; 2) trial counsel was ineffective for failing to make continuous and proper objections to police testimony regarding telephone numbers of Appellant's accomplices; 3) appellate counsel was ineffective for failing to properly brief four claims on direct appeal; 4) appellate counsel failed to properly brief a claim on direct appeal that the trial court erred in denying Appellant's motion to sever his trial from that of his co-defendants; and 5) the motion court misapplied Rule 29.15(g). Finding no clear error, we affirm.
Factual and Procedural Background
Angie Young ("Victim") was murdered on August 23, 2011. At the time of her murder, Appellant had pending charges for second-degree domestic assault and armed criminal action for acts he committed against Victim. The State presented evidence that prior to Victim's murder, Appellant told a group of his associates that he would pay $10,000 to have Victim killed in order to prevent her from testifying against him in his domestic assault case. Appellant introduced one of his associates, Christopher Spates, to a man named Raymond Jones. It was agreed that Jones would drive Spates to murder Victim.
In the evening of August 23, 2011, Victim pulled her car into a White Castle parking lot in St. Louis. Nearby video surveillance recorded a white truck following Victim's car. At around 11:30 p.m., Spates got out of the white truck and started walking towards Victim's car. An employee at a nearby Church's Chicken observed Spates as he approached the car. When Spates reached the car's driver's side door, he pulled out a gun and shot it repeatedly through the driver's side window. He then ran into a nearby alley, and eventually drove off in the white pickup truck.
Victim died at the scene, having been shot numerous times in her head and neck. Appellant was Victim's emergency contact. Police called Appellant after Victim's murder and asked to speak with him because he was listed as her next-of-kin. Appellant told police he did not want them come to his residence, but he agreed to go to the police headquarters. However, Appellant never showed up, and eventually told police he was not coming because his attorney told him not to go. Police began investigating Appellant for his role in the murder shortly thereafter.
Police later found the white pickup truck involved in the murder outside one of Appellant's properties. Police obtained a search warrant for the truck. Finger and palm prints found on the truck were identified as belonging to Jones and Spates.
Appellant was tried by a jury and found guilty of first-degree murder and armed criminal action. The trial court sentenced Appellant to life imprisonment without the possibility of parole for first-degree murder, and thirty years' imprisonment for armed criminal action, to be served consecutively. Appellant appealed his convictions and sentences, which this court affirmed. State v. Moss , 494 S.W.3d 646 (Mo. App. E.D. 2016).
On October 7, 2016, Appellant timely filed his pro se Rule 29.15 motion for post-conviction relief. Counsel for Appellant timely filed an amended motion claiming that: 1) the prosecution violated Brady v. Maryland and Rule 25.03 for failing to disclose federal investigative and proffer materials relating to the State's witness Darryl Clemons and "other potential witnesses";
*431 2) trial counsel was ineffective for failing to preserve, in a motion for new trial, the trial court's denial of his motion to compel discovery; 3) appellate counsel was ineffective for failing to properly brief four claims of error regarding Clemons' testimony; 4) appellate counsel failed to properly brief a claim that the trial court erred in denying appellant's motion to sever his trial from that of his co-defendants; and 5) trial counsel was ineffective for failing to "make continuous and proper" objections to police testimony regarding telephone numbers of other accomplices to the murder.
Appellant also attached a copy of his pro se motion, which raised eight claims of relief, some of which overlapped with his claims in his amended motion.
The motion court denied Appellant's amended motion without an evidentiary hearing. The motion court also found Appellant's pro se claims were not properly before the court because Rule 29.15(g) forbids incorporating pro se claims through attachment to the amended motion. This appeals follows.
Discussion
Appellant raises five points of error on appeal. Additional facts will be provided where necessary.
Relevant Law
"Appellate review of a motion court's denial of post-conviction relief is limited to determining whether the findings and conclusions of the motion court are clearly erroneous." Hill v. State , 532 S.W.3d 744, 747 (Mo. App. E.D. 2017) ; Rule 29.15(k). Findings of fact and conclusions of law are clearly erroneous only if, after reviewing the record, we are left with the definite and firm impression a mistake has been made. Soto v. State , 226 S.W.3d 164, 166 (Mo. banc 2007).
An evidentiary hearing is not required if the motion court determines that the motion and the files and records conclusively show the movant is not entitled to relief. Brown v. State , 67 S.W.3d 708, 709 (Mo. App. E.D. 2002) ; Rule 24.035(h). A hearing is required only if: (1) the movant alleged facts, not conclusions, which merit relief; (2) the facts alleged are not refuted by the files and records in the case; and (3) the matters complained of resulted in prejudice to the movant. State v. Evans, 524 S.W.3d 530, 533 (Mo. App. E.D. 2017).
We presume a defendant's counsel was effective, and a movant has the burden to prove otherwise. Jones v. State , 514 S.W.3d 72, 80 (Mo. App. E.D. 2017). When a movant seeks post-conviction relief claiming ineffective assistance of counsel, he must first establish that his counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would display when rendering similar services under similar circumstances, and second that he was prejudiced thereby. Strickland v. Washington , 466 U.S. 668, 687-88, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) ; Evans , 524 S.W.3d at 533. To establish prejudice, a movant must demonstrate "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland , 466 U.S. at 694, 104 S.Ct. 2052. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.
Point I: Failure to include claim in motion for new trial
In his first point, Appellant argues trial counsel was ineffective for failing to include a claim in his motion for new trial that the trial court erred in denying his motion to compel disclosure of plea deals, cooperation agreements, or promises *432 of leniency that one of the State's witnesses, Clemons, may have received. Appellant argues he was prejudiced because if the claim had been included in his motion for new trial, there is a reasonable probability the trial court would have granted it. Respondent contends Appellant's claim on appeal is unreviewable because it differs from his claim in his amended motion.
In his amended motion, Appellant argued trial counsel's alleged error in not preserving his disclosure claim prejudiced him because it prevented his claim from being properly preserved. He argued if the claim had been preserved, there is a reasonable probability a new trial would have been granted either by the trial court or by the court of appeals. The motion court found Appellant's failure-to-preserve argument was without merit because it was not cognizable in a post-conviction motion. See, e.g., Jones v. State , 514 S.W.3d 72, 83 (Mo. App. E.D. 2017) ("The failure to preserve error for appellate review is not cognizable in a Rule 29.15 motion").
However, Appellant refined his post-conviction claim on appeal by dropping his argument that he was prejudiced due to counsel's failure to preserve. Instead, he argued that he was prejudiced because "if the issue [of compelling disclosure] had been raised in a motion for new trial, there is a reasonably [sic] probability that the trial court would have granted it." Respondent argues that Appellant's claim must be dismissed because it was not raised in his amended motion.
We agree with Respondent. "Defects in post-conviction relief pleadings cannot be remedied by the ... refinement of a claim on appeal." Tisius v. State , 519 S.W.3d 413, 425 (Mo. banc 2017) (citing Mallow v. State , 439 S.W.3d 764, 769 (Mo. banc 2014) (internal quotations omitted)). "A post-conviction claim on appeal that materially differs from that alleged in a post-conviction motion preserves nothing for appellate review and is waived." Johnson v. State , 369 S.W.3d 87, 90 (Mo. App. W.D. 2012). By changing his argument for prejudice, Appellant's claim now materially differs from his claim alleged in his amended motion, and therefore is waived.
However, even if Appellant has not waived his point, his argument still fails. This Court reviewed[2] and rejected Appellant's argument on direct appeal that the trial court erred in denying his motion to compel discovery of Clemons' plea deals, cooperation agreements, or promises of leniency. State of Missouri v. Moss , 494 S.W.3d 646, memo at 7-8 (Mo. App. E.D. 2016). Therefore, even if trial counsel had included the claim in Appellant's motion for new trial, it would not have affected the outcome of his trial or appeal, as the claim was without merit. Accordingly, Appellant's point is denied.
Point II: Failure to make proper and continuous objections
In his second point, Appellant argues trial counsel was ineffective for failing to make proper and continuous objections to Detective Kaiser's testimony regarding two cell phone numbers that he identified as belonging to two of Appellant's associates-Delmore Holmes and Raymond Jones. Appellant argues that Detective Kaiser's testimony regarding the phone numbers was inadmissible hearsay. Respondent contends that Detective Kaiser's testimony was admissible and that trial counsel did in fact object to Detective Kaiser's *433 testimony about Holmes' and Jones' phone calls.
During trial, Detective Kaiser testified he spoke with Holmes, who owned the truck used by Spates and Jones during Victim's murder. He testified, without objection, that Holmes told him his phone number, which led to police obtaining Holmes' phone records. Those records were admitted without objection. Using the phone records, Detective Kaiser testified there were several calls made between Appellant's and Holmes' phones in the weeks leading up to the murder, including five calls in the hours prior to the murder. Detective Kaiser testified he interviewed Jones as well. He testified he did not get Jones' phone number from the interview, but "did develop phone numbers related to [Jones]." Trial counsel initially objected to Detective Kaiser's testimony regarding the phone numbers "on the grounds of relevance," and was overruled. When Detective Kaiser was asked by the State about calls between Holmes and Jones, trial counsel objected, and the court took a recess to hear arguments.
During those arguments, trial counsel argued that any testimony linking Holmes' phone to the phone purportedly connected to Jones was hearsay. He argued the records did not tie the phone to Jones and therefore the testimony claiming a link to Jones was hearsay. Trial counsel asserted that while Holmes provided his phone number to Detective Kaiser during his interview, there was no similar evidence that the phone purporting to be Jones' actually belonged to Jones. The court overruled the objection, noting that the objection had been preserved "multiple times."
Following the recess, Detective Kaiser testified there were calls between Jones' and Holmes' phones a couple of weeks before the murder, and then a call from Jones' phone to Holmes' phone roughly an hour after the murder.
In his amended motion, Appellant argued trial counsel was ineffective for failing to object to Detective Kaiser's allegedly inadmissible testimony regarding the cell phone numbers because neither Jones nor Holmes testified.
However, in his amended motion, Appellant did not provide specific citations to the record where Detective Kaiser's challenged testimony occurred. The motion court found Appellant's claim was without merit because it was not properly supported by citations to the record. The motion court also noted it had reviewed the entirety of Detective Kaiser's testimony, and it determined that the testimony regarding phone numbers was admissible and that trial counsel did object to the challenged testimony during trial.
We agree with the motion court that Appellant's citations to the record in his amended motion claim left much to be desired. On appeal, Appellant's citations in his argument are, at times, similarly vague. For example, Appellant cites to fifty pages of transcript to support a single sentence in his brief that read: "The State contended that Mr. Jones was the alleged driver of the truck used in the murder and that Mr. Holmes was in possession of the truck at the time of its recovery." We note that it is not our duty to spend judicial time searching through legal files, transcripts or argument "in an attempt to interpret the thrust of a party's contentions." McMullin v. Borgers , 806 S.W.2d 724, 730 (Mo. App. E.D. 1991). Portions of Appellant's argument verge on violating Rule 84.04(e), which requires all factual assertions to have specific page references to the relevant portion of the record on appeal.
Because of Appellant's vague and sometimes nonexistent citations to the transcript, *434 it is difficult to review his point. Appellant seems to be arguing that any reference Detective Kaiser made to Jones' and Holmes' cell phone numbers was inadmissible.
Regarding the admissibility of Detective Kaiser's testimony, we note that the State filed an exhibit of Holmes' cell phone records pursuant to a previously filed business records affidavit. See State v. Dunn , 7 S.W.3d 427, 431 (Mo. App. W.D. 1999) (holding that phone records may be admissible under the business record exception). The State also filed an exhibit of Jones' phone records pursuant to a previously filed business records affidavit. Furthermore, the record demonstrates that trial counsel did object to Detective Kaiser's testimony regarding Jones' cell phone records, as well as to his testimony linking Holmes' cell phone to Jones' cell phone. The trial court overruled the objection, telling trial counsel "the objection is preserved and overruled.... You preserved it multiple times." Therefore, Appellant's claim that trial counsel did not make a proper and continuous objection is refuted by the record. Point denied.
Points III-IV: Failure to properly brief claims on direct appeal
We address Appellant's points III and IV together as they both raise the same type of claim; that appellate counsel was ineffective for violating Rules 30.06 and 84.04(e) by failing to provide proper citations to the record in his appellate brief for points II, III, IV, V and VI. Appellant argues that had his points on direct appeal been briefed properly, there is a reasonable probability the outcome of his appeal would have been different. Respondent asserts that despite the deficiencies in briefing, this Court still reviewed most of Appellant's claims on direct appeal ex gratia. Respondent further argues Appellant has not pleaded facts demonstrating a reasonable probability exists he would have prevailed on direct appeal on the claims we did not review ex gratia.
Appellant raised six points in his direct appeal. In our memorandum supplementing our order affirming his judgment, we noted Appellant's brief was replete with violations of Rules 30.06 and 84.04(e), and therefore none of his points were preserved for our review. Nevertheless, where possible, we reviewed his points ex gratia. Ultimately, we were able to review four of his points, leaving only two unreviewed. The two points we were unable to review were Point V, which claimed the trial court erred in admitting testimony that was inadmissible under the "tacit admission rule," and Point IV, which claimed the trial court erred in allowing a witness, Clemons, to testify regarding hearsay admissions of White and Spates (the "Clemons' Hearsay Claim").
Respondent argues that because we reviewed four of Appellant's points on direct appeal despite the briefing defects, and found no error, Appellant cannot demonstrate that he was prejudiced as a result of appellate counsel's deficient briefing on those four points. We agree. In Shifkowski v. State, this Court held once a "point [has] already been determined on direct appeal [it] cannot be raised again in a post-conviction relief motion." Shifkowski v. State , 136 S.W.3d 588, 591 (Mo. App. S.D. 2004) (citing Ringo v. State, 120 S.W.3d 743, 746 (Mo. banc 2003) ).
Turning to Appellant's two remaining points that we were unable to review in his direct appeal due to briefing defects, we hold that Appellant has not pleaded facts, unrefuted by the record, which demonstrate he was prejudiced by counsel's deficient briefing on those two points and that he would have been entitled to relief.
*435 First, regarding the tacit admission claim, Appellant has not explained in his amended motion or his appellate brief why the outcome of his direct appeal would have been different had we been able to review his claim. Moreover, Appellant failed, both in his amended motion and his appellate brief, to identify the specific testimony that he claims was inadmissible under the tacit admission rule. See Rule 84.04(e) (requiring "[all] factual assertions in the argument [on appeal] shall have specific page references to the relevant portion of the record....").
Second, regarding the Clemons' Hearsay Claim, Appellant again fails to explain what portion of the testimony he was referring to in his original claim, and how the law supports his argument that the evidence was inadmissible. Appellant's claim that the outcome of his direct appeal would have been different if his points had been properly briefed is only a bare assertion that the motion court could not review. Morrow v. State , 21 S.W.3d 819, 824 (Mo. banc 2000) ("Where the pleadings consist only of bare assertions and conclusions, a motion court cannot meaningfully apply the Strickland standard for ineffective assistance of counsel"). Accordingly, Appellant's Points III and IV are denied.
Point V: Failure to properly apply Rule 29.15(g)
In Appellant's fifth point, he argues that the motion court clearly erred in failing to address his pro se claims that were attached to his amended motion. Respondent asserts that the motion court properly declined to review his pro se claims because Rule 29.15 explicitly forbids incorporating pro se claims by attachment.
Appellant concedes that after he filed his pro se motion, but prior to filing his amended motion, Rule 29.15(g) was amended to forbid post-conviction movants from incorporating their pro se claims into their amended motion by attachment. Appellant does not dispute he attempted to incorporate his pro se claims by attachment after the effective date of the amendment to Rule 29.15(g). Instead, he argues that under Rule 19.06, enforcing Rule 29.15(g) would result in an injustice to him, and therefore the former version of Rule 29.15(g) should apply to his case.
Rule 19.06 reads as follows: "Rules 19 to 36, inclusive, shall govern all criminal proceedings after the effective date of the rules unless their application in a criminal proceedings [sic] pending when the rules take effect would result in injustice, in which event the former procedure applies."
Appellant does not cite a single case where a court found an amendment to Rules 19-36 resulted in an injustice to a movant such that the former version of a Rule applied. Appellant argues the "injustice" he suffered as a result of applying Rule 29.15(g) in its present form was that the motion court was unable to review his pro se claims.
We disagree with Appellant. The reason Appellant's pro se claims were not reviewed was because he did not follow the plain language of Rule 29.15(g). Appellant's motion was due and filed after the effective date of Rule 29.15(g). He does not claim he had insufficient notice of the amendment to the Rule.
Appellant also asserts Rule 29.15(g) as amended conflicts with § 547.360, but that is not the case. Section 547.360[3] prohibits incorporation of pro se claims in an amended motion by reference to a previously filed motion. It does not include any language authorizing incorporation *436 by attachment. Moreover, as Respondent points out in his brief, "Supreme Court Rules govern over contradictory statutes in procedural matters unless the General Assembly specifically annuls or amends the rules in a bill limited to that purpose." Ostermueller v. Potter , 868 S.W.2d 110, 111 (Mo. banc 1993) ; See also Huston v. State , 272 S.W.3d 420, 421 (Mo. App. E.D. 2008). Therefore, Rule 29.15(g) would control even if it conflicted with § 547.360, which it does not.
Accordingly, we deny Appellant's fifth point. The injustice he claims to have suffered would have been avoided had he followed Rule. 29.15(g), which he had the ability to do.
Conclusion
The motion court did not clearly err in denying Appellant's Rule 29.15 motion without an evidentiary hearing. The judgment of the motion court is affirmed.
Lisa P. Page, P.J. and Roy L. Richter, J. concur.

All references to "Rules" are to Missouri Supreme Court Rules (2017) unless otherwise indicated.

Although there were preservation deficiencies, we reviewed Appellant's argument ex gratia.

All statutory citations are to RSMo Cum. Sup. 2016 unless otherwise stated.