**Jerry Robert CLOUD, Appellant,**

**v.**

**STATE of Missouri, Respondent.**

**No. KCD 26540.**

Missouri Court of Appeals, Kansas City District.

March 4, 1974.

Motion for Rehearing and/or Transfer Denied April 1, 1974.

F. A. White, Jr., North Kansas City, Gerald Kiser, Public Defender, Seventh Judicial Circuit, Liberty, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and SHANGLER and WASSERSTROM, JJ.

SHANGLER, Judge.

The defendant was convicted of the robbery of Morris and Jewel Studna and was sentenced to imprisonment for a term of forty-three years.

The robbery was accomplished when the defendant and a female companion gained admittance into the Studna home by a ruse, and once entered, the female robber unleashed a pistol from her waistband, trained it first on Mrs. Studna and then on her husband. The Studnas, an elderly couple, were herded into the bedroom where they were forced to lie prone. They tied Mr. Studna's ankles and hands behind him, and disregarding his plea that they spare his wife because of her heart ailment, tied her in the same manner. The robbers methodically ransacked the home and stole jewelry and cash of the value of $18,000. During this episode, the robbers menaced the Studnas from time to time with the weapons they brandished.

The defendant raises two points: that he was denied a fair trial because of the inflammatory closing argument of the prosecutor, and that his privilege against self-incrimination was abridged by the prosecutor who repeatedly referred to defendant's failure to contradict the evidence of the State.

In support of the first point of alleged error, the defendant recites a litany of legal propositions which impose upon a prosecuting attorney the duty to ensure a defendant a fair trial. We recognize the validity of these principles. The only error specified by the defendant in his motion for new trial, and thus preserved for review, however, is that the reference by the prosecutor to Mr. and Mrs. Studna as "victims" of the crime was somehow inflammatory and requires reversal of the conviction. A prosecutor may not apply personal epithets to a criminal defendant or otherwise abuse him. State v. Turnbull, 403 S.W.2d 570, 573 [5, 6] (Mo.1966). A victim, in common understanding, is one who suffers loss or injury. In the circumstances, the use of the term by the prosecutor could not reasonably have been understood as a disparagement of the defendant, but rather as properly descriptive of the persons who had been subjected to the malefactions shown by the evidence. Chambers v. United States, 8th Cir., 237 F. 513, 520 [4–6] (1916).

The defendant's brief, however, goes on to delineate lengthy excerpts from the prosecutor's closing argument, which —without specific reference—defendant condemns as "way beyond the bounds of an honest and fair presentation of the state's case." The brunt of defendant's contention appears to be directed against the prosecutor's argument that the crime was committed by the use of a pistol, a dangerous and deadly weapon often used to kill, which defendant trained first on Mrs. Studna's back and then on Mr. Studna's nose. The defendant argues that this created an impression foreign to the evidence and prejudicial to defendant in that, although a deadly weapon was concededly used, there was no evidence that the defendant was a violent man or that he had threatened to kill. As we have previously noted, the defendant did not preserve this contention of error in his motion for new trial and, we can only assume, that he seeks our intercession to correct a plain er-

ror under Rule 27.20(c), V.A.M.R. We conclude, however, that the prosecutor's argument was a fair comment on the evidence. A pistol is a dangerous and deadly weapon. State v. Harris, 356 S.W.2d 889, 890 [1] (Mo.1962). It was the means used by defendant to force the Studnas to his unlawful purpose to dispossess them and posed the threat that it would be used to harm or kill should they resist.

 We have otherwise perused the closing argument of the prosecutor with some care and conclude that, although the ardent expression of the prosecutor was at times inappropriate, it did not constitute inflammatory appeal to bias or hostility against the defendant and was not so offensive or of such gravity as to have impaired defendant's fundamental right to a fair trial. Plain error does not appear. State v. Agee, 474 S.W.2d 817, 820 [9, 10] (Mo.1971); State v. Meiers, 412 S.W.2d 478, 480 [1] (Mo.1967). This court has recently recognized [State v. Heinrich, 492 S.W.2d 109, 116 [9] (Mo.App.1973)] that, even in the absence of objection, it is the duty of the trial court within its inherent power to control trial proceedings to limit a jury argument to the area of its legitimate function, and that when the cumulative effect of the prosecutorial argument is to inflame and prejudice, even in the absence of proper objection, the court will relieve against the unjust conviction sua sponte under the plain error rule. In *Heinrich,* the prosecutor persistently overstepped the bounds of legitimate argument by personalizing the jury, arousing hostility toward defendant, and implanting fear in the jury that defendant's acquittal was a threat to them personally. We concluded that this unrelieved prejudice had found its way into the verdict which, for that reason, could not stand. State v. Tiedt, 357 Mo. 115, 206 S.W.2d 524, 526–7 [1–3] (1947); State v. Groves, 295 S.W.2d 169, 174 [8] (Mo.1956); State v. Taylor, 320 Mo. 417, 8 S.W.2d 29, 37 [25–27] (1928). No such prejudice, however, resulted from the jury argument of which defendant complains.

The defendant complains also that the argument of the prosecutor that:

> There is no contradiction of the state's evidence that this crime was committed at the residence of Morris and Jewel Studna; there is no contradiction that [defendant] Jerry Robert Cloud was the person, along with the woman that came over on that particular evening . . . (R)emember also that you have no evidence to contradict my evidence, put on by the state's witnesses.

constituted a comment on defendant's failure to testify, violated § 546.270, RSMo 1969, V.A.M.S., Rule 26.08 and his right against compulsory self-incrimination. No objection was made to this argument, and thus the point was not saved for review. Answering to the merits of the contention, nonetheless, the authorities hold that such an argument means nothing more than that the evidence, all of which comes from the state, stands without contradiction from the defense, and does not violate the rule, statute or constitutional right of the defendant. State v. Morgan, 444 S.W.2d 490, 493 [5] (Mo.1969); State v. Dunlap, 408 S.W.2d 4, 7 [3] (Mo.1966).

The judgment is affirmed.

All concur.