STATE of Missouri, Respondent.

v.

Byron Eugene HAMS, Appellant.

No. KCD 26792.

Missouri Court of Appeals,
Kansas City District.

Nov. 4, 1974.

Willard B. Bunch, Public Defender, Sixteenth Judicial Circuit, Kansas City, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., and SWOFFORD and SOMERVILLE, JJ.

PRITCHARD, Judge.

Two points are presented by appellant in seeking reversal of his conviction of the crime of robbery in the first degree, after which sentence was imposed at 7 years confinement in the Department of Corrections. The first claim of error relates to alleged inflammatory conduct and argument of state's counsel in waving a handgun and bullets in front of the jury and in using "rhetoric which irreparably prejudiced the appellant's right to a fair trial". The second claim of error is that the court erred in admitting into evidence a Miranda warning card [Miranda v. Arizona, 384 U. S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966)], and the testimony of a police officer concerning statements made in appellant's presence about the crime, to which appellant made no response.

The sufficiency of the evidence to sustain the conviction is not questioned. It will suffice as background material to state the evidence briefly. On September 15, 1972, at about 11:00 p. m., appellant and one Graves held up, with a gun, Linden Chapman and Larry Yarsulik, employees

of the Downtown Garage, 13th and Wyandotte, in Kansas City, Missouri. Graves held the gun, and Chapman saw appellant getting money out of the cash register, when Graves ordered Chapman to go to the second floor on the elevator and while he was en route, Yarsulik was allowed to leave by Graves and go to the Muehlebach Hotel to pick up a car, and he there told a doorman that a robbery was going on. On the way back to the garage, Yarsulik met a cruising police officer and told him of the robbery and they both proceeded to the garage. Appellant and Graves came running out, and got half way down 13th Street where they were apprehended. Two other officers arrived and the two persons were frisked and advised of their rights. Graves attempted to dispose of a paper sack, which contained a loaded snub-nosed .38 caliber revolver, before the arrest. Upon search of appellant, a large number of bills and some change, totalling $148.32, and six .38 caliber bullets were found in his front pocket. The gun, bullets, and money were received in evidence at trial without objection.

■ The closing argument of State's counsel which is complained of is this: " * * * And I wish I knew some other way besides sending people to the penitentiary to make it clear that you just can't go around (holding State's Exhibit 1) [the revolver]—MR. HANDLEY: Excuse me. I am going to object to this, Your Honor, I think it is inflammatory. THE COURT: Overruled. MR. SPECK: There is just no other way that the point can be brought across that you can't go around with a loaded gun, full of these (indicating State's Exhibit 3) [the bullets] that can tear somebody apart, and point it at people and risk that somebody is going to be injured or killed, every second that you are in the room and participating in the act that involves one of these. * * *." [Brackets added.]

The argument was not improper. Its gist was the necessity of law enforcement in the protection of the citizenry, and the

punishment for crime by imprisonment as a deterrent. State v. Pruitt, 479 S.W.2d 785, 790 [9–11] (Mo. banc 1972); State v. Crawford, 478 S.W.2d 314, 320 [14] (Mo. 1972). See State v. Murray, 280 S.W.2d 809, 811 et seq. (Mo.1955), holding that it was not an abuse of discretion for the trial court to overrule an objection to the argument, where the prosecuting attorney grabbed up the gun, shook it in the face of the jury, saying " 'And, he wants to know who is vicious. He would have you believe that this defendant had to go in there with this pistol and * * * and shoot somebody * * * before he is being vicious." See also Cloud v. State, 507 S.W. 2d 667, 668 (Mo.App.1974), where the argument concerned the use of a pistol, a dangerous and deadly weapon often used to kill, which defendant trained upon the victims, there being evidence that a deadly weapon was used, held not to be plain error. The argument here certainly does not reach the heights of repeated, persistent overstepping of the bounds of legitimate argument by personalizing the jury, arousing hostility toward defendant, or implanting fear in the jury that an acquittal would be a threat to them personally, which was condemned in State v. Heinrich, 492 S.W. 2d 109 (Mo.App.1973). Appellant's first point is overruled.

■■ As to the second claim of error, the record shows this: The arresting officer testified that at the time of the arrest he read appellant his Miranda rights from a card. The card was admitted into evidence. The officer's testimony was further that appellant and Graves told him they understood their rights, and "Q. After you advised them of their rights, what happened then? A. O.K. We had them at the back of the wagon in the search position, *and Mr. Graves stated that his friend, Hams, had the money*, at which time Officer Walton went into a real thorough search and found a large number of bills in Mr. Ham's right front pocket, along with six .38 caliber rounds." The admission of the italicized words, *standing*

*alone,* would have been prejudicial and reversible error under State v. Stuart, 456 S.W.2d 19, 22 [3, 4] (Mo. banc 1970), and cases cited, "The law is established in this state that the silence of an accused while under arrest is not admissible against him because he is under no duty to speak. * * * In the instant case no question was asked of the defendant or statement made in his presence. * * * We now hold that an accused's failure to volunteer an exculpatory statement is not admissible as an admission; that it may not be shown that by his silence he failed to deny or explain while under arrest an incriminating fact as to which no question was asked." In this case the prejudicial effect of the officer's testimony that appellant's accomplice said that appellant had the money, was rendered harmless by appellant's own testimony on the same subject: He took the money out of the cash register and stuck it in his pocket, after he was compelled by Graves, who had a gun, to participate in the robbery. See State v. Crow, 486 S.W.2d 248, 251 [2], 252 (Mo.1972), where defendant, in electing to testify in his own behalf, gave testimony nearly identical and more detailed than was in a claimed inadmissible statement given to an officer. It was said, "Appellant has not shown any prejudice from the admission of Captain Cole's testimony. Any error in its admission in evidence was harmless. Chapman v. California, 386 U.S. 18, 87 S. Ct. 824, 17 L.Ed.2d 705; State v. McGee, Mo., 447 S.W.2d 270." See also State v. Taylor, 472 S.W.2d 395, 402 [5] (Mo. 1971). The last mentioned point has been considered under Rule 27.20(c), V.A.M.R., in view of the fact that it was not properly presented in the motion for new trial. No plain error appears. Nor is it pointed out why there was error in admitting into evidence the Miranda card. Point II is overruled.

The judgment is affirmed.

All concur.