CITY OF KANSAS CITY, Missouri,
Respondent,

v.

Orlo K. HUDSON, Appellant.

No. WD 56405.

Missouri Court of Appeals,
Western District.

Submitted Dec. 9, 1999.

Decided Feb. 22, 2000.

Kevin L. Jameson, Kansas City, for appellant.

Melody L. Cockrell, Asst. City Pros., Kansas City, for respondent.

Before JAMES M. SMART, Jr., P.J., JOSEPH M. ELLIS, and EDWIN H. SMITH, JJ.

PER CURIAM.

Orlo K. Hudson was charged with assault and unlawful exhibition of a weapon in violation of the Kansas City, Missouri Code of General Ordinances, Chapter 50, § 26. The two counts were tried together before a jury on June 1, 1998. Hudson was acquitted on the assault charge and convicted on the charge involving the exhibition of the deadly weapon. Hudson was sentenced to seven days at the Municipal Correctional Institution and fined $300.00.

### Factual Background

Orlo K. Hudson, Betty Wilkerson and Lou Conroy were all employed at the Old Chelsea Theater in Kansas City, Missouri. An altercation occurred among the three on September 6, 1997. As a result of the altercation, Hudson was charged with violating two sections of the Kansas City, Missouri Code of General Ordinances: 1) knowingly exhibiting an ice pick readily capable of lethal use in a threatening man-

action under this statute is a question left for    future determination.

ner, in lunging at and attempting to stab Conroy; and 2) intentionally inflicting bodily injury upon Wilkerson by kicking her in the back of neck. At a jury trial on June 1, 1998, Hudson was acquitted of the assault on Wilkerson and convicted on the charge involving the exhibition of the deadly weapon against Conroy. He was sentenced to serve seven days at the Municipal Correctional Institution and fined $300.00. He appeals, basing his arguments on the contention that the trial court erred in its rulings with regard to (1) refusing to admit into evidence a security videotape of the incident; and (2) in allowing the prosecutor to refer to the two women as "victims" over his objections.

## Standard of Review

The trial court is vested with broad discretion to admit and exclude evidence at trial, and error will be found only if the discretion of the court was clearly abused. *State v. Clayton,* 995 S.W.2d 468, 474 (Mo. banc 1999). We ordinarily review these claims of trial court error as to evidence rulings under an "abuse of discretion" standard. Because of gross deficiencies in appellant's brief, however, we find nothing has been preserved for review. Rule 30.20 states:

Allegations of error that are not briefed or *are not properly briefed* on appeal shall not be considered by the appellate court except errors respecting the sufficiency of the information or indictment, verdict, judgment, or sentence.... (Emphasis added.)

The statement of facts mentions nothing about any security videos, nor about any references at trial to the witnesses as victims, although those items form the substance of the appellant's

points. The purpose of the statement of facts is to give the court the facts pertinent to the issues on appeal. Rule 30.06(c) requires the appellant to present, without argument, "facts relevant to the questions presented for determination...." [1]

The statement of facts is not the only problem. Appellant's points relied on read as follows:

(I) The court erred in excluding the security video from evidence.

(II) The court erred in overruling the defense objection to labeling the complaining witnesses 'victims.'

The points relied on fail to state "wherein and why" the exclusion of the videotape was error or "wherein and why" the court's ruling as to the term "victims" was error.[2] This is in clear violation of Rule 30.06(d).

When a point relied on fails to specify wherein and why the challenged ruling of the trial court was erroneous, the court may regard the point as presenting nothing for review. *Brown v. Mercantile Bank of Poplar Bluff,* 820 S.W.2d 327, 339 (Mo.App.1991). In this case, the points relied on present nothing for review.

### *Plain Error*

The court further notes, in examining the briefs of the parties, and in attempting to discern the contentions of appellant, that the rulings of which appellant complains are not plainly erroneous and that appellant's contentions do not warrant relief. "[U]nless a claim of plain error facially establishes substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted,'" we will decline to exercise discretionary review for

---

1. Neither in the statement of facts nor anywhere else does Hudson advise us that the objection to the video, and the grounds of exclusion, were that the security video was not designed to be played at the speed of normal video equipment and that the video allegedly was virtually unintelligible when played on a normal video player.

2. Rule 30.06(d) states:
Points Relied On. The points relied on shall state briefly and concisely what actions or rulings of the court are sought to be reviewed *and wherein and why they are claimed to be erroneous* with citations of authorities thereunder.... (Emphasis added.)

plain error under Rule 30.20. *State v. Brown,* 902 S.W.2d 278, 284 (Mo. banc 1995). We see no indication that Hudson's claims rise to this level.

For all the foregoing reasons, the judgment is affirmed.