STATE of Missouri, Respondent,

v.

Craig FRANKE, Appellant.

No. ED 88168.

Missouri Court of Appeals,
Eastern District,
Division Four.

July 10, 2007.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 15, 2007.

Application for Transfer Denied Oct. 30, 2007.

Craig R. Franke, Leawood, KS, pro se.

Joel E. Andersen, Warrenton, MO, for respondent.

ROY L. RICHTER, Presiding Judge.

Craig Franke ("Defendant") appeals the trial court's judgment entered after a jury found him guilty of driving while his license was suspended. We dismiss the appeal.

## I. BACKGROUND

Defendant was charged with driving while his license was suspended. Having requested a jury trial, Defendant waived counsel and represented himself pro se. The jury found Defendant guilty and recommended a sentence of 120 days in jail plus a fine. The trial Court sentenced Defendant to 120 days in jail and imposed a fine of $300. Defendant filed a pro se appeal.[1]

## II. DISCUSSION

▆ Pro se appellants are held to the same rules of procedure as are lawyers.

*Ponzar v. Whitmoor Country Club*, 114 S.W.3d 336, 337 (Mo.App. E.D.2003). Pro se appellants must comply with Supreme Court rules, including Rule 84.04, which governs the requirements for appellate briefs.[2] *Davis v. Coleman*, 93 S.W.3d 742, 742 (Mo.App. E.D.2002). Failure to comply with these rules is grounds for the dismissal of an appeal. *Id.* at 742–43.

▆ Defendant has failed to comply with Rule 84.04 in multiple ways. Rule 84.04(c) indicates that an appellant should present a "fair and concise statement of the facts relevant to the questions presented for determination without argument." "The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case." *In re the Marriage of Shumpert*, 144 S.W.3d 317, 320 (Mo. App. E.D.2004)(quoting *Kent v. Charlie Chicken, II, Inc.*, 972 S.W.2d 513, 515 (Mo. App. E.D.1998)). Defendant's statement of facts is biased and argumentative and predominantly contains statements regarding Defendant's original license suspension, an issue unrelated to the question on appeal. Defendant's statement of facts also contains conclusions of law and fails to contain a single citation.

▆ Moreover, Defendant's argument section is also deficient. An argument should demonstrate how the principles of law and the facts of the case interact. *Kent*, 972 S.W.2d at 516. Defendant has failed to tie the facts he asserts to relevant authority. Instead, Defendant quotes a statutory section and then presents conclusory statements unrelated to the previously cited statute. It is difficult to discern

1. Defendant's motion to file a supplemental legal file is granted.

2. Rule 30.06 provides that in appeals from criminal matters, briefing requirements should be prepared as provided by Rule 84.04. *See* Rule 30.06(a), (c) and (e). For ease of discussion, we reference Rule 84.04 directly.

exactly what Defendant is arguing from the words of his brief. For example, Defendant's second point contains the following section heading: "That the Trial Judge acted in excess of his authority in granting the prosecutions Motion in Limine which effectively circumvented the defendants right to a fair trial by deny the right to present evidence or testimony in contradiction to the prosecutions case." The space following this heading is empty. "Appellate courts should not become advocates for an appellant by speculating about facts and arguments that have not been made." *Chase v. Baumann Property Co.*, 169 S.W.3d 891, 893 (Mo.App. E.D.2005).[3]

In addition, Rule 84.04(e) indicates that the argument "shall ... include a concise statement of the applicable standard of review for each claim of error." Defendant has failed to present any standard of review. Further, throughout his brief, Defendant has omitted any citation to the record on appeal. Rule 84.04(i) mandates that "all statements of fact and argument shall have specific page references to the legal file or the transcript."

Because Defendant's brief does not comply with multiple parts of Rule 84.04, Defendant preserves nothing for appellate review, leaving this Court without jurisdiction. *Houston v. Weisman*, 197 S.W.3d 204, 206 (Mo.App. E.D.2006).

### III. CONCLUSION

Appeal dismissed.

KATHIANNE KNAUP CRANE and SHERRI B. SULLIVAN, JJ., Concur.

**3.** Defendant also cites to a number of exhibits never presented to the trial court. "[D]ocuments which were not considered by the trial court and were not made part of the record below cannot be introduced into the record on appeal." *Winston v. Director Of Revenue,* 137 S.W.3d 502, 505 (Mo.App. E.D.2004).