Timothy PROSSER, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 89931.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 15, 2008.

Timothy Prosser, Bonne Terre, pro se.

Shaun Mackelprang, Evan Buchheim, Jefferson City, MO, for respondent.

NANNETTE A. BAKER, Judge.

### Introduction

Timothy Prosser ("Movant") appeals *pro se* from a judgment in the St. Genevieve County Circuit Court denying his Rule 29.15 [1] motion for post-conviction relief. Because Movant's appellate brief fails to comply with the appellate briefing requirements as provided by Rule 84.04, we are unable to review his appeal. Appeal dismissed.

### Factual and Procedural Background

A jury found Movant guilty of first degree drug trafficking, possession of a chemical, pseudoephedrine, with intent to manufacture a controlled substance and possession of paraphernalia with intent to create methamphetamine. The jury rec-

---

1. All rule references are to Mo. Rules Civ. P. 2000, unless otherwise indicated.

ommended and the court sentenced Movant to consecutive terms of life imprisonment for drug trafficking, seven years' imprisonment for possession of pseudoephedrine with intent to manufacture a controlled substance and four years' imprisonment for possession of paraphernalia with intent to create methamphetamine. We affirmed the convictions in *State v. Prosser,* 186 S.W.3d 330 (Mo.App. E.D.2005).

Movant filed a *pro se* motion for postconviction relief and his appointed counsel filed an amended motion. The motion court denied Movant's motion without an evidentiary hearing and issued findings of fact and conclusions of law. Movant appealed.

### Discussion

■ *Pro se* appellants are held to the same standards as are attorneys and must comply with the Supreme Court Rules, including Rule 84.04. *Gant v. Lou Fusz Motor Co.,* 153 S.W.3d 866, 866 (Mo.App. E.D.2004). Rule 84.04 provides the requirements for appellate briefs, and an appellant's failure to comply with the rules and requirements of appellate procedure constitutes grounds for our dismissal of the appeal. *Id.*

An appellant's brief must contain "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). The appellant's brief must contain a "Point Relied On" for each claim of error that: 1) identifies the ruling or action of the trial court the appellant challenges; 2) concisely states the legal reasons for the appellant's claim of reversible error; and 3) summarily explains why, in the context of the case, the stated legal reasons support the appellant's claim of reversible error. Rule 84.04(d)(1). The appellant's brief must contain an argument section that

substantially follows each "Point Relied On," includes a concise statement of the applicable standard of review for each claim of error, and advises the appellate court of how the facts of the case and principles of law interact. Rule 84.04(e).

Movant has failed to comply with Rule 84.04 so substantially that his appeal is unreviewable. First, Movant's statement of facts contains only a procedural background and does not include any facts relevant to his six points on appeal. It is important to note that Movant purports to insert some facts in the argument section of each point relied on, but Movant only states conclusions and thus deprives this court of an objective factual basis to review his appeal.

Second, in all six of Movant's points relied on, Movant fails to state concisely the specific legal reason for the trial court's alleged error and explain why that legal reason constitutes error in the context of the case, thereby violating Rule 84.04(d). Specifically, in almost every point relied on, Movant claims the motion court erred in not citing authority or case law to support its conclusion that Movant was not entitled to post-conviction relief. Movant does not elaborate on how this was error. Rather, Movant mixes multiple arguments and ultimately fails to apprise this court of what precisely Movant is claiming to be error and why.

■ Third, Movant's arguments do not present any legal analyses supporting a claim of reversible error. "If a party fails to support a contention ... with argument beyond conclusions, the point is considered abandoned." *Coleman v. Gilyard,* 969 S.W.2d 271, 274 (Mo.App. W.D.1998). We are not required to review points or arguments when they appear without citation of applicable authority. *State v. Collins,* 150 S.W.3d 340, 352 (Mo.App. S.D.

2004). To attempt to review Movant's points on appeal, we would have to unnecessarily reconstruct Movant's points, scour the record for facts to support his contentions and research the existence of applicable authority in support of these contentions. We cannot act as an advocate for Movant. *McGill v. Boeing Co.*, 235 S.W.3d 575, 578 (Mo.App. E.D.2007).

Fourth, Rule 84.04(i) requires that "all statements of fact and argument shall have specific page references to the legal file or the transcript." Movant's brief is woefully deficient in this regard. In forty-seven pages, Movant only occasionally refers to us to some general portion of the record to support of his facts and contentions. This court should not have to search through Movant's voluminous record on appeal in order to verify Movant's factual statements and the bases for his arguments.

Movant's brief fails to comply with Rule 84.04 in a myriad of other ways. Movant lists more than four cases after each point relied on in violation of Rule 84.04(d)(5); Movant's appendix, which is more than thirty pages, is bound to the back of Movant's brief rather than being separately bound as required by Rule 84.04(h)(3); and, Movant fails to number pages in his appendix as mandated by Rule 84.04(h)(3).

We have discretion to review Movant's appeal despite its failure to comply with Rule 84.04. *Gray v. White*, 26 S.W.3d 806, 816 (Mo.App. E.D.1999). However, we will not exercise this discretion where, as here, the failure to comply with the technical requirements of Rule 84.04 substantially impedes our disposition on the merits. *Id.* Because of its substantial failure to comply with Rule 84.04, Movant's brief is inadequate to allow us to conduct a meaningful review without improperly advocating for Movant. *McGill*, 235 S.W.3d at 578. This court should not be expected either to decide the case on the basis of

inadequate briefing or to undertake additional research and a search of the record to cure the deficiency. *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978).

Movant's appeal is dismissed.

LAWRENCE E. MOONEY, P.J., and BOOKER T. SHAW, J., concur.