**STATE of Missouri, Plaintiff/Respondent,**

v.

**Gary A. BELL, Defendant/Appellant.**

No. ED 90081.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 9, 2008.

Rehearing Denied Oct. 21, 2008.

Gary Bell, St. Louis, MO, pro se.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daniel N, McPherson, Assistant Attorney General, Jefferson City, MO, for respondent.

MARY K. HOFF, Judge.

Gary Bell (Defendant) appeals from the judgment upon his conviction by a jury for four counts of failure to file a Missouri income tax return, Section 143.931, RSMo 2000,[1] and four counts of failure to pay Missouri income tax, Section 143.931 for which Defendant was sentenced to pay a fine of $80,000. On appeal, Defendant argues the trial court: (1) erred in entering a judgment of conviction because the indictment was insufficient; (2) plainly erred in submitting to the jury Instructions 9–12, the verdict directing instructions for Counts V through VIII, failure to pay Missouri state income tax; and (3) plainly erred in accepting Defendant's written waiver of counsel. We dismiss for failure to comply with Rule 84.04.

*Factual and Procedural Background*

Defendant was indicted for four counts of failure to file a Missouri income tax return, Section 143.931; and four counts of failure to pay Missouri income tax, Section 143.931. Following a jury trial, Defendant was found guilty on all eight counts of the indictment. The jury then proceeded to the sentencing phase of the trial and returned a verdict recommending that Defendant be fined in an amount to be determined by the court. Defendant appeared for sentencing but did not file a motion for new trial. The court imposed fines of $10,000 on each count, for a total of $80,000. Defendant filed this appeal *pro se*.

The State filed a motion to strike Defendant's brief for failure to comply with Rule 84.04, which was taken with the case. For reasons set forth below, we grant the State's motion to strike and dismiss Defendant's appeal for non-compliance with Rule 84.04.

*Discussion*

Rule 84.04 governs the contents of all briefs filed in this court. Rule 84.04(a) provides that the brief for appellant shall contain:

(1) A detailed table of contents, with page references, and a table of cases (alphabetically arranged), statutes, and other authorities cited, with reference to the pages of the brief where they are cited;

---

1. All further statutory references are to RSMo 2000 unless otherwise indicated.

(2) A concise statement of the grounds on which jurisdiction of the review court is invoked;

(3) A statement of facts;

(4) The points relied on;

(5) An argument, which shall substantially follow the order of the points relied on; and

(6) A short conclusion stating the precise relief sought.

Rule 84.04(b) through (i) further details what each of these required contents of an appellate brief should include. The appellant's brief must contain "a fair and concise statement of the facts relevant to the questions presented for determination without argument." Rule 84.04(c). The appellant's brief must contain a "Point Relied On" for each claim of error that: 1) identifies the ruling or action of the trial court the appellant challenges; 2) concisely states the legal reasons for the appellant's claim of reversible error; and 3) summarily explains why, in the context of the case, the stated legal reasons support the appellant's claim of reversible error. Rule 84.04(d)(1). The appellant's brief must contain an argument section that substantially follows each "Point Relied On," includes a concise statement of the applicable standard of review for each claim of error, and advises the appellate court of how the facts of the case and principles of law interact. Rule 84.04(e).

We insist upon compliance with Rule 84.04 because without such compliance, we would be forced to speculate on the facts and arguments not asserted, and by doing so, we would be advocating for the non-compliant party, which this court cannot and will not do. *Prosser v. State*, 243 S.W.3d 496, 498 (Mo.App. E.D.2008). This court should not be expected either to decide the case on the basis of inadequate briefing or to undertake additional research and a search of the record to cure the deficiency. *Thummel v. King*, 570 S.W.2d 679, 686 (Mo. banc 1978).

Defendant, who is acting *pro se*, has failed to comply with Rule 84.04 so substantially that his appeal is unreviewable. *Pro se* appellants are held to the same standards as are attorneys and must comply with the Supreme Court Rules, including Rule 84.04. *Prosser*, 243 S.W.3d at 497. An appellant's failure to comply with the rules and requirements of appellate procedure constitutes grounds for dismissal of the case. *Id.*

In the instant case, Defendant has failed to comply with Rule 84.04 in multiple ways. First, Rule 84.04(c) requires a statement of facts that is a fair and concise statement of the facts relevant to the questions presented for determination without argument. The primary purpose of the statement of facts is to afford an immediate, accurate, complete and unbiased understanding of the facts of the case. *State v. Franke*, 234 S.W.3d 484, 485 (Mo.App. E.D.2007). Defendant's "Statement of Material Facts" consists of eight numbered paragraphs. Paragraphs 2 through 4 are restatements of Points I through III, in that they are criticisms of the indictment. The "Statement of Material Facts" makes no reference to any of the testimony or documentary evidence presented during the trial, and contains no page references to the transcript. Defendant's "Statement of Material Facts" is biased, argumentative, and conclusory and fails to give this court an objective factual basis on which to review his case. *Id.* While Defendant does include some facts in the argument portion of his brief, those statements are largely conclusory and are not accompanied by citations to the record. Rule 84.04(i) (requiring all statements of fact and argument to have specific page references to the legal file or the transcript).

Second, Defendant's points relied on are deficient. Rule 84.04(d)(1) provides that a point relied on shall: "(A) identify the trial court ruling or action that the appellant challenges; (B) state concisely the legal reasons for the appellant's claim of reversible error; and (C) explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Of Defendant's five points, only the first two arguably comport with those requirements. Also, each of the points is followed by citation to a single case. Defendant failed to include the statutory and other authority cited in his argument. Rule 84.04(d)(5).

Third, the argument section of Defendant's brief is flawed. Rule 84.04(e). A contention that is not supported with argument beyond conclusions is considered abandoned. *Prosser,* 243 S.W.3d at 497. The argument section of Defendant's brief is conclusory and fails to tie the legal authority that he cites into the facts of his case. In addition, as noted above, the argument largely lacks specific page references to the record. Rule 84.04(i). This court will not act as an advocate by scouring the record for facts to support Defendant's contentions. *Prosser,* 243 S.W.3d at 498. Finally, under Point IV, where Defendant claims error in the giving of certain instructions, he has failed to set forth the full text of the instructions in either the argument portion of the brief or in the appendix. Rule 84.04(e), (h)(3).

In addition to the briefing deficiencies noted under Rule 84.04, the legal file is also not in compliance with the rules. The documents contained in the legal file are not arranged in chronological order, beginning with the oldest document and ending with the notice of appeal. Rule 81.12(a). The legal file also does not contain a complete and accurate index of its contents. Rule 81.14(b).

The inadequacies of Defendant's brief preserve nothing for appellate review, leaving this court without jurisdiction. *Franke,* 234 S.W.3d at 486.

### Conclusion

The appeal is dismissed for failure to comply with Rule 84.04.

BOOKER T. SHAW, Presiding Judge and KATHIANNE KNAUP CRANE, Judge: Concur.