In the Missouri Court of Appeals
 Eastern District
 DIVISION ONE

 STATE OF MISSOURI, ) No. ED108903
 )
 Respondent, ) Appeal from the Circuit Court of
 ) Madison County
 vs. )
 ) Honorable Jerel L. Poor II
 ZACHARY L. MYERS, )
 )
 Appellant. ) Filed: March 23, 2021

 I. Introduction

 Zachary Myers (“Myers”)1 appeals the trial court’s judgment finding him guilty on two

class D felony counts of sodomy in the second degree and one class D felony count of domestic

assault in the second degree. Myers raises four points on appeal. In Point I, Myers argues that the

trial court erred by permitting the State to refer to the complaining witness as the “victim”

throughout trial. In Point II, Myers argues that the trial court erred by admitting the sexual

assault nurse examiner’s report (“SANE Report”) into evidence because it contains inadmissible

hearsay. In Point III, Myers appears to argue that the prosecutor had a conflict of interest in this

case. Finally, in Point IV, Myers seems to bring a claim of ineffective assistance of counsel.

 We affirm.

1
 Myers’s surname is spelled “Meyers” in the appellant’s brief, but because all other documents use “Myers,” we
shall adopt this spelling.
 II. Factual and Procedural Background

 Myers was charged by information on February 5, 2019, with two counts of the class D

felony of sodomy in the second degree, § 566.061, 2 and one count of the class D felony of

domestic assault in the second degree, § 565.073. A jury found Myers guilty on all three counts

and the judge sentenced him to three consecutive seven-year terms of incarceration, for a total of

twenty-one years.

 The evidence at trial established that Myers met M.L.3 in September 2018 at the factory

where they both worked. They began a sexual relationship around September 10, 2018, where

they engaged in consensual vaginal intercourse. Shortly thereafter, M.L and Myers moved in

together. Myers and M.L. maintained their sexual relationship from around September 15 until

September 24, 2018.

 On the morning of September 24, Myers told M.L. that he wanted to have anal

intercourse with her, which she refused. Myers ignored M.L., rolled her over, and penetrated her

anus while she physically resisted, telling Myers to stop and that he was hurting her. Myers did

not stop. Between September 24 and September 28, Myers would again try to have anal

intercourse with M.L., which she refused and resisted each time, thus angering Myers.

 On September 28, Myers attempted to penetrate M.L.’s anus as she physically and

verbally resisted. Myers became angered by this, eventually stopping before making a second

attempt, to which M.L. resisted again. M.L. then went to buy lubricant from Walmart because

she feared he would try again, thinking that the lubricant would make it less painful. M.L.

testified that, upon her return from Walmart, Myers told her that “he didn’t want to use the lube

2
 All references to statutes are to Mo. Rev. Stat. Cum. Supp. 2018, unless otherwise indicated.
3
 Pursuant to § 595.226.1, we refer to the victim of the sodomy as “M.L.” so as to protect her identity.

 2
because he wanted to traumatize me and make it hurt, that way I wouldn’t say no anymore.” She

also testified that she did not try to leave because she feared Myers.

 Myers again tried to penetrate M.L.’s anus on September 29, to which she again resisted.

Myers stopped and told her that if she would not “do [her] job,” then he would find someone else

to do it, and proceeded to leave the house. While Myers was away, M.L. packed her belongings

and left the house. She later went to the hospital where Tamra Ray, a registered nurse and sexual

assault nurse examiner, performed a SANE examination on her. Ray prepared the SANE Report

and testified at trial that she observed injuries to M.L.’s rectum.

 This appeal follows.

 III. Discussion

 Rules 30.06 and 84.04

 Rule 84.04 4 describes the mandatory requirements for appellate briefing in Missouri.

Carmen v. Olsen, 611 S.W.3d 368, 370 (Mo. App. E.D. 2020). These requirements apply to both

civil and criminal briefs. Rule 30.06. Myers’s brief egregiously violates Rule 84.04 in that none

of his arguments contain “a concise statement describing whether the error was preserved for

appellate review; if so, how it was preserved; and the applicable standard of review.” Rule

84.04(e).

 The standard of review is essential to all appellate arguments, as it outlines this
 court’s role in disposing of the matter before it. It is not this court’s duty to
 supplement a deficient brief with its own research, to comb the record in search of
 facts to support an appellant’s claim of error, or demonstrate it is properly
 preserved for appellate review.

Porter v. Santander Consumer USA, Inc., 590 S.W.3d 356, 358 (Mo. App. E.D. 2019) (internal

citations omitted), transfer denied (Dec. 24, 2019). Myers also ignores the Rule 84.04(c)

4
 All rule references are to Missouri Supreme Court Rules (2018), unless otherwise indicated.

 3
requirements for his Points Relied On and he fails to develop his arguments or cite to the record,

as required by Rule 84.04(e). We discuss these violations in more detail infra.

 We prefer to review cases on the merits “where disposition is not hampered by rule

violations and the argument is readily understandable.” Bennett v. Taylor, 615 S.W.3d 96, 98

(Mo. App. E.D. 2020). “However, ‘[a]n appellant’s failure to substantially comply with Rule

84.04 preserves nothing for our review and is grounds for dismissing the appeal.’” Id. (alteration

in original) (quoting Bruce v. City of Farmington, 551S.W.3d 65, 66 (Mo. App. E.D. 2018)).

“[I]f the brief is so deficient that we cannot competently rule on the merits without first

reconstructing the facts and supplementing the appellant’s legal arguments, then nothing is

preserved for review and we must dismiss the appeal.” Carmen, 611 S.W.3d at 371 (quoting

Unifund CCR Partners v. Myers, 563 S.W.3d 740, 743 (Mo. App. E.D. 2018)).

 This Court may dismiss some points on appeal for Rule 84.04 violations while reviewing

other points within the same brief ex gratia. See, e.g., Scott v. King, 510 S.W.3d 887 (Mo. App.

E.D. 2017) (dismissing three points for Rule 84.04 violations while reviewing two points ex

gratia).

 Point I

 In his first point on appeal, Myers argues that the trial court erred in overruling his Third

Motion in Limine, which sought to prohibit the State from referring to the complaining witness

as a “victim.” Myers argues that the State referring to M.L. as a “victim” would constitute

improper vouching because its use “gave the jury leave to give undue weight to [M.L.’s]

testimony before she even testified.”

 Myers’s first point violates Rule 84.04(e) in that he fails to “include a concise statement

describing whether the error was preserved for appellate review; if so, how it was preserved; and

 4
the applicable standard of review.” This violation alone justifies dismissal of the point because

“[t]he standard of review is essential to all appellate arguments, as it outlines this court’s role in

disposing of the matter before it.” Porter, 590 S.W.3d at 358. Nevertheless, we prefer to rule on

the merits whenever possible, see Bennett, 615 S.W.3d at 98, and this violation does not impede

our review of Point I. Therefore, we exercise our discretion to review the merits of this point ex

gratia. In doing so, however, we must carefully avoid supplementing either party’s argument in

order to maintain our role as a neutral adjudicator. Bennett, 615 S.W.3d at 98; Carmen, 611

S.W.3d at 371.

 Standard of Review

 The trial court maintains “a great deal of discretion in the conduct of a trial carried on

before it.” State v. Moore, 925 S.W.2d 466, 467 (Mo. App. E.D. 1996) (citing State v. Dunmore,

822 S.W.2d 509 (Mo. App. W.D. 1991)). Specifically, the trial court “is generally vested with

wide discretion in the conduct of voir dire,” State v. Oates, 12 S.W.3d 307, 310 (Mo. banc

2000), so “[r]ulings by the trial court are reviewed only for an abuse of discretion.” Id. at 311. In

addition, “[t]he scope of opening statements is within the discretion of the trial court, and we

review an objection to opening statements for abuse of discretion.” State v. Alexander, 505

S.W.3d 384, 391 (Mo. App. E.D. 2016) (citing State v. Thompson, 68 S.W.3d 393, 395 (Mo.

banc 2002)). On direct appeal, we review claims of trial court error “for prejudice, not mere

error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair

trial.” State v. Baumruk, 280 S.W.3d 600, 607 (Mo. banc 2009) (internal quotation marks

omitted); Thompson, 68 S.W.3d at 395; Oates, 12 S.W.3d at 311.

 5
 Analysis

 Myers argues that referring to the complaining witness as a “victim” constitutes improper

vouching of that witness, which undermines his presumption of innocence. “Vouching occurs

when a prosecutor implies that he or she has facts establishing the veracity of a state’s witness

that are not before the jury for [its] consideration.” Glover v. State, 225 S.W.3d 425, 430 (Mo.

banc 2007); accord State v. McFadden, 369 S.W.3d 727, 747 (Mo. banc 2012). A prosecutor

may not assert personal knowledge; however, “[s]tating that a witness is telling the truth does not

constitute vouching as long as the prosecutor does not imply that the statement is based on

evidence not before the jury.” Glover, 225 S.W.3d at 430.

 The Missouri Court of Appeals has only addressed the merits of whether a prosecutor

may refer to a complaining witness as a “victim” once, in Cloud v. State, 507 S.W.2d 667 (Mo.

App. 1974); see also City of Kansas City v. Hudson, 12 S.W.3d 747 (Mo. App. W.D. 2000)

(dismissing an appeal in which this question arises for violations of mandatory briefing

requirements). In Cloud, the appellant complained that the State’s reference to the complaining

witnesses as “victims” was impermissibly inflammatory and thus warranted reversal. Cloud, 507

S.W.2d at 668. Although the court in Cloud did not specifically use the term “vouching,” it held

that in the circumstances where the defense disputed the identity of the perpetrator but not that a

crime occurred, “the use of the term by the prosecutor could not reasonably have been

understood as a disparagement of the defendant, but rather as properly descriptive of the persons

who had been subjected to the malefactions shown by the evidence.” Id. (citing Chambers v.

United States, 237 F. 513, 520 (8th Cir. 1916)). In contrast, Myers disputes that any crimes

occurred, maintaining that he and M.L. engaged in consensual relations, and that the State’s

 6
usage amounted to impermissible vouching of the complaining witness, not a disparagement of

himself.

 With the many differences between Cloud and this case in mind, we hold that, in the

context of these particular facts, no prejudicial error has resulted from the circuit court’s decision

to allow the prosecutor to refer to M.L. as the “victim” at trial. The transcript shows that the

prosecutor made only two references to M.L. as the “victim” before the jury: once during voir

dire and once in its opening statement. We find merit in the State’s argument that the

prosecutor’s use of the word “victim” merely indicated the role that M.L. played in the State’s

theory of the case. At trial, the State put evidence before the jury to prove its theory that Myers

victimized M.L. See McFadden, 369 S.W.3d at 747 (“There was no vouching as the State’s

opening statement only included subsequent evidence that was presented to the jury at trial.”).

Furthermore, the prosecution can state that a witness’s testimony is truthful, so long as the

prosecutor “does not imply that the statement is based on evidence not before the jury.” Glover,

225 S.W.3d at 430. Nothing indicates that the prosecutor’s references did as much in this case.

Therefore, the prosecutor’s statements during voir dire and in the State’s opening statement do

not amount to impermissible vouching within this context.

 Point I is denied.

 Point II

 In his second point on appeal, Myers argues that the trial court erred in admitting the

SANE Report into evidence, asserting that it is hearsay that does not fall within any exception.

Although we prefer to review cases on the merits, Myers’s disregard for Rule 84.04 leaves us

with no choice but to dismiss his second point on appeal.

 7
 As mentioned before, Myers fails to provide a short statement of the applicable standard

of review or inform us that this issue has been properly preserved for appeal. See Porter, 590

S.W.3d at 358. These omissions violate Rule 84.04(e) and warrant dismissal as it is not the

Court’s duty to search the record or the applicable law to make these determinations. Id.

 Most importantly, Myers does not develop an argument. He merely “provides legal

conclusions that ‘are not developed, lack legal analysis and supporting rationale, and are not

linked to specific evidence in the case.’” Carmen, 611 S.W.3d at 372 (quoting Midtown Home

Improvements, Inc. v. Taylor, 578 S.W.3d 793, 797-98 (Mo. App. E.D. 2019)). This violates

Rule 84.04(e). “Noncompliance with Rule 84.04(e) justifies dismissal, as it is not our duty to

supplement the deficient brief with our own research.” Id. (quoting City of Bellefontaine

Neighbors v. Carroll, 597 S.W.3d 335, 340 (Mo. App. E.D. 2020)). Myers “does not explain

why, in the context of the case, the law supports the claim of reversible error.” Carmen, 611

S.W.3d at 372 (internal citation omitted). He contends that circuit court erred by admitting into

evidence the SANE Report, which he claims contains contributions from others that amount to

inadmissible hearsay, and that the SANE Report does not fall within the business records

exception to hearsay under Uniform Business Records as Evidence Law, § 490.660. However, he

fails to construct any argument applying the law to the facts of this case. He merely asserts

simple conclusory statements and appends a copy of § 490.660. “A contention that is not

supported with argument beyond conclusions is considered abandoned.” State v. Bell, 266

S.W.3d 287, 290 (Mo. App. E.D. 2008) (citing Prosser v. State, 243 S.W.3d 496, 497 (Mo. App.

E.D. 2008)).

 Furthermore, Rule 84.04(e) requires that “[a]ll factual assertions in the argument shall

have specific page references to the relevant portion of the record on appeal.” However, Myers

 8
makes no effort to cite any of his factual assertions to the record. For example, he asserts that the

SANE Report “contained contributions by other individuals who were not present at trial,” and

that it “was published to the jury,” without supplying us with information regarding such claims

or citing to the record. “Specific relevant cites to the record are mandatory and essential for the

effective functioning of appellate courts because courts cannot spend time searching the record

to determine if factual assertions in the brief are supported by the record.” Carmen, 611 S.W.3d

at 371 (quoting P & J Ventures, LLC v. Yi Yu Zheng, 479 S.W.3d 748, 752 (Mo. App. E.D.

2016)). “This court will not act as an advocate by scouring the record for facts to support

Defendant’s contentions.” Bell, 266 S.W.3d at 290 (citing Prosser, 243 S.W.3d at 498).

 We cannot advocate for Myers, but we would have to do just that to address this point on

the merits, by reconstructing the facts he asserts and developing his argument for him. “[T]he

function of an appellate court is not to serve as an advocate for the parties on appeal, and this

Court must carefully safeguard its role as a neutral adjudicator.” Carmen, 611 S.W.3d at 371

(internal quotation marks omitted) (quoting Hamilton v. Archer, 545 S.W.3d 377, 381 (Mo. App.

E.D. 2018)). Therefore, we must dismiss this point on appeal.

 Point II is dismissed.

 Point III

 In his third point on appeal, Myers alleges that his rights were denied based upon a

conflict of interest between himself and the prosecutor. We dismiss Point III for substantial

noncompliance with Rule 84.04.

 Myers does not “identify the trial court ruling or action that the appellant challenges,” in

violation of Rule 84.04(d)(1)(A). “This rule is not a judicial word game or a matter of

hypertechnicality, rather it serves to notify the opposing party of the precise matters under

 9
contention and inform our Court of the issues presented for review.” Carmen, 611 S.W.3d at 371

(citing Scott v. King, 510 S.W.3d 887, 892 (Mo. App. E.D. 2017)). “A point relied on that fails to

comply with Rule 84.04(d) preserves nothing for review.” Hamilton, 545 S.W.3d at 380 (citing

Washington v. Blackburn, 286 S.W.3d 818, 821 (Mo. App. E.D. 2009)). Myers also includes five

cases below the Point Relied On for this point, ignoring the text of Rule 84.04(d)(5), which

reads: “Immediately following each ‘Point Relied On,’ the appellant… shall include a list of

cases, not to exceed four, and the constitutional, statutory, and regulatory provisions or other

authority upon which that party principally relies.” (Emphasis added).

 Again, Myers fails to comply with Rule 84.04(e). He does not include the applicable

standard of review, information regarding the preservation of this issue for review, or citations to

the record for the factual claims he makes. These errors justify dismissal on appeal. Porter, 590

S.W.3d at 358. Furthermore, the factual assertions he makes have no support anywhere in the

record. “Recitals in an appellant’s brief that are unsupported by the record on appeal are

insufficient to supply this Court with the record of trial court proceedings necessary for our

review.” Poke v. Mathis, 461 S.W.3d 40, 42 (Mo. App. E.D. 2015).

 Point III is dismissed.

 Point IV

 In his fourth point on appeal, also replete with Rule 84.04 violations, Myers appears to

bring a claim of ineffective assistance of counsel. However, “Missouri courts have held that ‘a

claim of ineffective assistance of counsel… is not cognizable on direct appeal.’” State v. West,

551 S.W.3d 506, 517 (Mo. App. E.D. 2018) (alteration in original) (quoting State v. Webber, 504

S.W.3d 221, 230 (Mo. App. W.D. 2016)). Such claims “must be presented pursuant to the

procedure set forth in Rule 29.15 or 24.035 which provide for the development of a full and

 10
complete record… [because] [t]hese rules provide the exclusive procedure through which post-

conviction relief because of ineffective assistance of counsel may be sought.” Id. (internal

citations omitted).

 Point IV is dismissed.

 IV. Conclusion

 For the reasons stated above, we affirm the judgment of the circuit court.

 _______________________________
 Kelly C. Broniec, Judge

Colleen Dolan, P.J. and
Robert M. Clayton III, J. concur.

 11